Swing, J.
We are of the opinion that there is error in the judgment of the court of common pleas in this cause prejudicial to the plaintiff in error in this, to-wit:
The court of common pleas permitted August Hermann and Frederick Hertenstein to testify as to conversations with Mr. Compton, the president of said company, at a time when negotiations were had in regard to the purchase of two miles of said road by the Cincinnati Street Railway Company. A portion of this road, which includes the portion now in controversy, was to be purchased by said street, railway company, and by said company dedicated to the city in consideration ox certain rights to be granted by said city to said street railway company. Mr. Hermann and Mr. Hertenstein were officers of *608 the city at that time, and as such were interested in the said negotiations, not as parties to the agreement between the street railway company and the turnpike company, for it was really no concern of the city what the street railway company paid the turnpike company for the portion of the road to be gurchased and dedicated to the city; the only interest the city ad was to procure the portion of the road for the city without any cost to the city, and this the city succeeded in accomplishing.
Theodore Horstman, for Plaintiff in Error.
Wade Ellis and J. V. Campbell, contra.
We can not see upon what principle of law these converse tions can be used against the company in'an action between the city and said company.
No question of estoppel can arise, for what ever was said was not said to the officers of the city as a party to any contemplated contract between the city and said company, and the city took no action relying on the truth of said statements, and it can not be said that the company in any way intended to bind itself to the city, for it was not in contemplation that it was going to reeeive anything from the city.
It is undoubtedly true that corporations are frequently bound by the declarations and contracts of their officers whether in fact the declarations and contracts made were authorized by the corporations or not, but such contracts and declarations are only binding between the parties themselves.’ Strangers or third parties can not take advantage of such declarations and contracts to the prejudice of the corporations.
There is nothing shown in this case that proves that Mn Compton was authorized to make these declarations. He may or may not have been so authorized, and whether the probabilities are that he was or not, is of no consequence, for it is the company’s declaration and not Compton’s that might be competent. What the company did may be shown, but what Compton said to persons not-contracting with the company can not bind the company, for his conversations which may bind the company must necessarily be in regard to the transaction of the business of the company, and it certainly can be no part of the business of the company to have its president ejngaged in idle conversations; and conversations had by a president of a corporation with persons not engaged in the business of the company must be idle conversations because not pertaining to the business of the company. For this reason said judgment is reversed and the cause remanded for further proceedings.